**Andreas Torry GUNTORO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74378.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Kaaren L. Barr, Esq., Law Office of Kaaren L. Baar, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Andreas Torry Guntoro, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition.

The record does not compel the conclusion that Guntoro's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, we deny the petition as to his asylum claim.

With regard to Guntoro's claim for withholding of removal, substantial evidence supports the IJ's finding that he has not demonstrated a clear probability of future persecution. *See Nagoulko*, 333 F.3d at 1016–18 (holding that teasing, harassment, and threats did not rise to the level of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

persecution); *Lolong v. Gonzales,* 484 F.3d 1173, 1179–81 (9th Cir.2007) (en banc) (holding that petitioner failed to demonstrate either an individualized risk of persecution or the existence of a pattern and practice of persecution).

Substantial evidence also supports the IJ's denial of CAT relief because Guntoro did not show that it is more likely than not that he would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

Finally, we deny Guntoro's request for remand. If Guntoro wants the IJ to review additional evidence regarding current conditions in Indonesia, he should file a motion to reopen with the BIA. *See* 8 C.F.R. § 1003.2(c); *Malty v. Ashcroft,* 381 F.3d 942, 944–47 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.